[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS K. KAHN
CLERK

No. 05-10643
Non-Argument Calendar
_____

D. C. Docket No. 04-00139-CV-OC-10-GRJ

RALEIGH AMESBURY,

                                                    Plaintiff-Appellant,

versus

MARSHA KEARNEY, Forest Supervisor
National Forests in Florida,
U.S. FOREST SERVICE, United
States Forest Service

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2005)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Raleigh Amesbury appeals the dismissal of his pro se complaint against the United States Forest Service, filed pursuant to the Federal Torts Claim Act ("FTCA"), and the denial of his motion to amend his complaint to a claim for a Fourth Amendment violation, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

In his complaint, Amesbury alleged that United States Forest Service Officer Hugh Booth falsely arrested him in October 2002 for violating 36 C.F.R. § 261.58(a), as supplemented by United States Forest Service Order 2002-07, which prohibited camping for longer than 14 days. Amesbury also alleged that he was again unlawfully arrested and imprisoned in April 2003 based on a separate incident at the same site, claiming that Florida Fish & Wildlife Conservation Commission Officer Thomas Groff wrongfully wrote him a state citation for parking in a restricted area, arrested him, and had his vehicle and personal belongings towed and impounded.

Having reviewed the record and considered the argument of the parties we find no reversible error.[1]  First, Amesbury's complaint does not state a false arrest claim as it pertains to his arrest by Officer Booth . In FTCA actions, federal courts

---

[1] We review de novo a district court's order dismissing a complaint, accepting all allegations in the complaint as true and drawing all reasonable inferences therefrom in the plaintiff's favor. Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001).

apply the law of the situs state to determine whether a tort claim has been stated. See 28 U.S.C. § 1346(b). In Florida, probable cause is an affirmative defense to the tort of false arrest, and the facts asserted in Amesbury's complaint make clear that there was more than probable cause for his arrest. Nor could Amesbury state a claim under the FTCA for his arrest by Florida Fish & Wildlife Conservation Commission Officer Thomas Groff because the allegations pertaining to this claim all involved behavior by state rather than federal actors. Accordingly, the district court properly dismissed Amesbury's complaint.

We also find meritless Amesbury's argument that the district court erred in denying his motion to amend the complaint, as Amesbury could not allege a colorable claim that federal officers violated his fourth amendment rights under the facts presented in his complaint.

**AFFIRMED.**